IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| R.E. and O.E.,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER REOPENING CASE**<br><br>2:22-cv-00296-RJS<br><br>District Judge Robert J. Shelby |

Before the court is Plaintiffs' R.E. and O.E. Motion to Reopen Case and File Second Amended Complaint.[1] For the reasons discussed below, the Motion is GRANTED.

## BACKGROUND

On April 29, 2022, Plaintiffs brought this action under the Employee Retirement Income Security Act of 1974 (ERISA) based on Defendant Blue Cross Blue Shield of Illinois's denial of benefits for mental health care O.E. received.[2] On December 27, 2023, the court reversed Blue Cross's denial of benefits and remanded the case for Blue Cross "to conduct a full and fair review of Plaintiff's claims."[3] On remand, Blue Cross again denied Plaintiffs' request for benefits and raised a new basis for the denial.[4]

On December 30, 2025, Plaintiffs filed the Motion, asking the court to reopen this case and grant leave to amend the complaint.[5] Blue Cross does not oppose the Motion.[6]

---

[1] Dkt. 49, *Motion to Reopen Case and File Second Amended Complaint* (*Motion*).

[2] *See* Dkt. 2, *Complaint*.

[3] Dkt. 38, *Memorandum Decision and Order* at 26, 28.

[4] *Motion* at 2.

[5] *See Motion*.

[6] *See generally Docket*.

1

## ANALYSIS

Federal Rule of Civil Procedure 60 permits reopening a case "within a reasonable time" for any "reason that justifies relief."[7] "Generally, when an ERISA case is remanded to the plan administrator for further proceedings, the decision on remand is reviewable by the District Court upon motion by either party."[8] Plaintiffs seek review of Blue Cross's conduct following this court's remand. Blue Cross does not oppose the Motion. Accordingly, the court finds this case falls within the general rule and warrants reopening the case.

Federal Rule of Civil Procedure 15 permits a plaintiff to amend the complaint with the court's leave and instructs the court to "freely give leave when justice so requires."[9] The court has discretion to permit leave.[10] In the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment," the court should grant leave.[11]

The Amended Complaint includes new allegations based on Blue Cross's conduct during remand.[12] There is no evidence of undue delay because the case is being reopened. The new allegations have become relevant since the case was closed. There is no evidence of bad faith, undue prejudice, or futility. Further, Blue Cross does not oppose the Motion. Accordingly, the court grants leave to amend.

---

[7] Fed. R. Civ. P. 60(b)(6), 60(c)(1).

[8] *Graham O. v. United Behavior Health*, 1:18-cv-31-TS, 2024 WL 170739, at *1 (D. Utah Jan. 16, 2024) (collecting cases).

[9] Fed. R. Civ. P. 15(a)(2).

[10] *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

[11] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)).

[12] *Motion* at 5; *see also* Dkt. 49-2, *Proposed Second Amended Complaint*.

## CONCLUSION

For the reasons explained above, the Motion is GRANTED.[13] Plaintiffs shall file the Second Amended Complaint appended to the Motion within seven days of this order.[14] The parties are ORDERED to meet and confer and submit a stipulated scheduling order within fourteen days of this order.

The Clerk of Court is DIRECTED to reopen the case and reassign Magistrate Judge Dustin B. Pead under 28 U.S.C. § 636(b)(1)(A).

SO ORDERED this 25th day of February 2026.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[13] Dkt. 49.

[14] See Dkt. 49-2, *Proposed Second Amended Complaint*.